# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| **BRENDA L. ADAMS** ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| **WAKEFIELD & ASSOCIATES, INC.,** ) | Jury Trial Demanded |
| ) | |
|    Defendant. ) | |

## COMPLAINT

## INTRODUCTION

1. This action arises out of Defendant Wakefield & Associates, Inc.'s (hereinafter "Wakefield") violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") in its illegal efforts to collect a consumer debt from Plaintiff Sandra K. Holley (hereinafter "Plaintiff") that the Plaintiff allegedly owes to App of Tennessee HM, PLLC (hereinafter "AOT").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here, Plaintiff resides here, and Wakefield transacts business here.

## PARTIES

4. Plaintiff is a natural person who resides in Greene County, Tennessee.

5. Wakefield is a for-profit foreign corporation (Colorado) registered to do business in Tennessee with a principal office located at 10800 E Bethany Dr, Aurora, CO 80014-2697 that maintains Incorp Services, Inc., 216 Centerview Dr, Ste 317, Brentwood, TN 37027-3226 as its registered agent.

## FACTUAL ALLEGATIONS

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Wakefield is an agent of AOT and regularly engages in the business of using the mails and telephone system, sending collection letters, reporting to credit reporting agencies, including, Equifax, Experian, and TransUnion, paying the filing fees and process service fees to file state legal actions and requests for the issuance of garnishments of wages and levies of bank accounts, preparing sworn affidavits for its clients to sign in support of state legal actions, or for it to sign as an agent for its clients, and attempting to collect debts in person, all in an effort to collect consumer debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Wakefield has alleged that Plaintiff incurred obligations to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and the obligation is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely debt(s) for medical services alleged to have been originally owed by the Plaintiff to AOT (hereinafter "debt").

9. After default, the debt was assigned to Wakefield by AOT who the Plaintiff allegedly owes or was otherwise acquired by Wakefield for purposes of collection from the Plaintiff.

10. The Plaintiff did not sign any contract with AOT for it to provide her medical services. *See Massey v. Casals*, 2012 Tenn. App. LEXIS 901, *11-12, 2012 WL 6697594 (Tenn. Ct. App.

2012); *Discover Bank v. Henson*, 2008 Tenn. App, LEXIS 737, 2008 WL 5272530 at *3, (Tenn. Ct. App. 2008) (*perm. app. den*. Sup. Ct., June 15, 2009) ("[W]ithout a written contract signed by Defendant, Discover Bank may not recover attorney's fees or a contract rate of interest.")

11. The Plaintiff is not aware of any lawsuit that has been filed against her on behalf of AOT that demands damages in the form of prejudgment interest, and even if a lawsuit has been filed against her in an attempt to collect the debts allegedly owed to AOT, the Plaintiff is not aware of any court that has awarded AOT prejudgment interest.

12. Tenn. Code Ann. § 47-14-103(3) "provides the maximum effective rates of interest for certain transactions and states that for 'all other transactions,' the maximum effective rate of interest is ten percent (10%) per annum. . . . This statute does not authorize the assessment of interest on a debt; it provides the maximum interest rate if interest is to be assessed.[] Tennessee law does not provide a blanket 10% interest for all debts." *See Tiernan v. Capital Accounts, LLC*, 2017 U.S. Dist. LEXIS 101152 at *3 (M.D. Tenn., June 29, 2017).

13. Tenn. Code Ann. § 47-14-109 " provides guidance as to the date from which any interest assessed on certain debts shall accrue and then states that 'in all other cases,' the time from which interest is to be computed shall be the day when the debt is payable. . . . Again, the statute does not authorize assessment of interest on a debt; it provides the dates from which any such interest shall accrue. *See Tiernan, supra*, at *3-4.

14. In Tennessee, "[p]rejudgment interest, i.e., interest as an element of, or in the nature of, damages, as permitted by the statutory and common laws of the state as of April 1, 1979, may be awarded by courts or juries in accordance with the principles of equity at any rate

not in excess of a maximum effective rate of ten percent (10%) per annum." **See Tenn. Code Ann. § 47-14-123.**

15. An award of prejudgment interest as damages in a civil action is within the discretion of the trial court. *See Schoen v. J.C. Bradford & Co.*, 667 S.W.2d 97, 1984 Tenn. App. LEXIS 2605 (Tenn. Ct. App. 1984); *Teague Bros., Inc. v. Martin & Bayley, Inc.*, 750 S.W.2d 152, 1987 Tenn. App. LEXIS 3040 (Tenn. Ct. App. 1987); *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 1992 Tenn. LEXIS 722 (Tenn. 1992), rehearing denied, -- S.W.2d --, 1993 Tenn. LEXIS 142 (Tenn. Mar. 29, 1993); *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 1992 Tenn. LEXIS 722 (Tenn. 1992), rehearing denied, -- S.W.2d --, 1993 Tenn. LEXIS 142 (Tenn. Mar. 29, 1993); *Hartman v. State* -- S.W.3d --, 2003 Tenn. App. LEXIS 285 (Tenn. Ct. App. Apr. 14, 2003); *Harrison v. Laursen*, 128 S.W.3d 204, 2003 Tenn. App. LEXIS 545 (Tenn. Ct. App. 2003), appeal denied, -- S.W.3d --, 2004 Tenn. LEXIS 112 (Tenn. Feb. 2, 2004).

16. Tenn. Code Ann. § 47-14-123 "provides no help for Defendant either. That law provides that a court or jury may award prejudgment interest as an element of damages if permitted by the statutory or common laws of the state. . . . That statute clearly applies only if litigation is filed and the court enters judgment." *See Tiernan, supra*, at * 4.

17. The debt Wakefield is attempting to collect from Plaintiff for AOT did not involve a contract signed by Plaintiff with AOT and the debt never had interest added to it by AOT before the debt was assigned to Wakefield for collection from the Plaintiff or was otherwise acquired by Wakefield for purposes of collection from the Plaintiff.

4

*Collection Communications*

18. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. **15 U.S.C. § 1692a(2).**

*January 16, 2020 Collection Letter*

19. On or about January 16, 2020, Wakefield sent a collection letter dated January 16, 2020 to the Plaintiff regarding a debt allegedly owed by the Plaintiff to AOT (hereinafter "collection letter"). **A redacted copy filed as exhibit 1 to this Complaint (hereinafter "Doc. 1-1").**

20. The collection letter states that the Wakefield account number is 01-17300XXXX, the creditor is AOT, the principal amount of the debt is $469.00, the interest accrued on the debt is $97.47, and the total amount due is $566.47. **See Doc. 1-1.**

21. The collection letter also states:

    > Demand is hereby made for the total amount due and owing listed above.
    >
    > You are hereby notified that Wakefield and Associates, Inc. has provided me with your outstanding account(s) for review for litigation purposes. Before determining whether or not to commence litigation, I wanted to provide you the opportunity to pay your account(s) in full. To avoid litigation, please promptly pay the full sum listed above.
    >
    > If you cannot afford to pay the entire balance all at once, but are interested in exploring the possibility of making other arrangements so that litigation can be avoided, please promptly contact our office.

    **See Doc. 1-1.**

22. The signature block of the collection letter contains the names of five (5) different attorneys and lists them all as "General Counsel" of Wakefield, which shows they are all employees of Wakefield. **See Doc. 1-1.**

23. At the bottom of the collection letter it states:

> THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

**See Doc. 1-1.** (capital letters in original)

24. The communication by Wakefield and its employees in the form of the collection letter is a communication by Wakefield in connection with collection of the debt that conveys information regarding the debt, including the creditor alleged to be owed the debt being collected and the amount alleged as owed, and is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. The collection letter sought to collect a purported consumer debt incurred for personal, family or household purposes, and not for business purposes, specifically the balance allegedly owed

## FAIR DEBT COLLECTION PRACTICES ACT

26. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. **See 15 U.S.C. §§ 1692** *et seq.*

27. Congress passed the FDCPA because "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors . . . , [e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers . . . , and [m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." **15 U.S.C. §§ 1692 (a), (b), and (c).**

28. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." **15 U.S.C. § 1692 (e).**

29. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)"; *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

30. "'Courts must view any alleged [FDCPA] violation through the lens of the 'least sophisticated consumer'—the usual objective legal standard in consumer protection cases.' *Gionis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007). (internal quotation marks and citations omitted); *see also Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008)". *Stratton, supra*, at 450.

### *False Representation of the Amount of the Debt*

31. By attempting to collect prejudgment interest on a debt when there is no contract signed by the Plaintiff with AOT allowing for the addition of interest to the principal amount, and when no court has awarded AOT prejudgment interest on a judgment entered against the Plaintiff, by stating that $97.47 in interest had accrued on the debt, Wakefield is falsely representing the amount of the debt owed by the Plaintiff when the collection letter was sent to her.

32. On information and belief, Wakefield added prejudgment interest to the debt in its system when it started collecting it, resulting in the demand for prejudgment interest in the collection letter. **See Doc. 1-1.**

33. By communicating to the Plaintiff that she owes a greater amount than what she actually owes and implying that the prejudgment interest would continue to accrue on the debt until

7

Case 2:20-cv-00222-TAV-CRW   Document 1   Filed 10/26/20   Page 7 of 10   PageID #: 7

it was paid, Wakefield violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, and 1692f(1). **See Doc. 1-1.**

*Failure to Send Notices That Contains the Amount of the Debt*

34. The communications by Wakefield in the form of the AOT and SPS collection letters are each the initial communication by Wakefield in connection with collection of the debts from the Plaintiff.

35. The AOT and SPS collection letters state the amount owed as of the date of the AOT collection letter is $3,161.80 and the amount owed as of the date of the SPS collection letter is $1,053.50 , including prejudgment interest added to the principal amounts of the debts since Wakefield began attempting to collect the debt, when there were no contracts signed by the Plaintiff that stated interest would be added to the debts after default, and which is not allowed in Tennessee except when demanded as damages. *See Tiernan, supra*.

36. Within five days after the initial communications in the form of the AOT and SPS collection letters, Plaintiff had not paid the debts.

37. Within five days after the initial communications in the form of the AOT and SPS collection letters, Wakefield failed to send Plaintiff a written notice containing the correct amounts of the debts owed, in violation of 15 U.S.C. § 1692g(a)(1).

## TRIAL BY JURY

38. Plaintiff is entitled to and hereby respectfully demands a trial by jury. **US Const. amend. 7. Fed.R.Civ.P. 38.**

## CAUSES OF ACTION

### COUNT I-VII

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, 1692f(1)

39. Plaintiff incorporates by reference all above paragraphs as though fully stated herein.

40. The foregoing acts and omissions of Wakefield constitute numerous and multiple FDCPA violations with respect to Plaintiff, including, but not limited to each and every one of the above-cited FDCPA provisions.

41. As a result of the FDCPA violations, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Wakefield.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Wakefield:

## COUNT I-VII

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, 1692f(1)

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Wakefield and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against Wakefield, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Wakefield and for Plaintiff; and

- for such other and further relief as may be just and proper.

10/26/20                            Respectfully submitted,

                                    **BRENDA L. ADAMS**


                                    s/      Alan C. Lee
                                    Alan C. Lee, BPR # 012700
                                    P. O. Box 1357
                                    Talbott, TN 37877-1357
                                    (423) 581-0924
                                    aleeattorney@gmail.com

                                    Attorney for Plaintiff